E-FILED
Monday, 15 October, 2018  10:19:44 AM
Clerk, U.S. District Court, ILCD

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony.



Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

3

You must give separate consideration to each party in this case. Although there are three defendants, it does not follow that if one is liable, any of the others is also liable.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.



You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

You may consider statements given by a party or a witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give to his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

You have heard evidence that Plaintiff has been convicted of a crime. You may consider this evidence only in deciding whether Plaintiff (and the other inmates who testify)'s testimony is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose.

It is proper for a lawyer to meet with any witness in preparation for trial.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

13

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

14

Certain demonstrative exhibits have been shown to you. Those exhibits are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

15

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the express "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Defendants are being sued as individuals. Neither the Illinois Department of Corrections, the Illinois Correctional Industries, nor the State of Illinois is a party to this lawsuit.

The parties have stipulated, or agreed, to the stipulation you heard yesterday about Anthony Bogan's testimony. You must now treat those facts as having been proved for the purpose of this case.

You have heard evidence about whether a Defendant's conduct complied with or violated bakery industry standards. You may consider this evidence in your deliberations. But remember that the issue is whether a Defendant was aware of a strong likelihood that Plaintiff would be seriously harmed or strongly suspected facts showing a strong likelihood that Plaintiff would be seriously harmed but refused to confirm whether these facts were true, and whether a Defendant consciously failed to take reasonable measures to prevent harm from occurring. The issue is not whether a bakery industry standard might have been complied with or violated.

██████████████ the standard for liability in this case is that a Defendant was aware of the strong likelihood that Plaintiff would be seriously harmed or strongly suspected facts showing a strong likelihood that Plaintiff would be seriously harmed but refused to confirm whether those facts were true.

You have heard a witness give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

To succeed on his claim, Plaintiff must prove each of the following four things by a preponderance of the evidence:

      1.    A Defendant failed to ensure that Plaintiff was trained to clean the bun hopper machine in the bakery, and/or a Defendant failed to protect Plaintiff from a known danger relating to the bun hopper, and thereby subjected Plaintiff to a strong likelihood of serious harm.

      2.    A Defendant was aware of this strong likelihood that Plaintiff would be seriously harmed or strongly suspected facts showing a strong likelihood that Plaintiff would be seriously harmed but refused to confirm whether these facts were true.

You may infer this from the fact that the risk was obvious.

      3.    A Defendant consciously failed to take reasonable measures to prevent harm from occurring.

In deciding this, you may consider how serious the potential harm to Plaintiff was, how difficult it would have been for a Defendant to take corrective action, and whether a Defendant had legitimate reasons related to safety or security for failing to take action.

      4.    Plaintiff would not have been harmed if a Defendant had taken reasonable measures.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence for at least one Defendant, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence for any particular Defendant, then you must decide for that Defendant. If you find that Plaintiff failed to prove any one of these things by a preponderance of the evidence for all Defendants, then you will not consider the question of damages.

Plaintiff must prove by a preponderance of the evidence that Defendants Birkey, Mautino, or Wilkey were personally involved in the conduct that Plaintiff complains about. You may not hold Defendants liable for what other employees did or did not do.

Personal involvement may include if a Defendant knew about the conduct that Plaintiff complains about and facilitated it, approved it, condoned it, or turned a blind eye for fear of what he might see.

If you decide for a Defendant on the question of liability, then you should not consider the question of damages as to that Defendant.

25

If you find in favor of Plaintiff, then you must determine the amount of money that will fairly compensate the plaintiff for any injury that you find he sustained and is reasonably certain to sustain in the future as a direct result of the defendants' wrongful conduct.

Plaintiff must prove his damages by a preponderance of the evidence. Your award of damages must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include the physical, mental, and emotional aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

1. The physical, mental, and emotional pain and suffering and disability and loss of a normal life that the Plaintiff has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of physical, mental, or emotional pain and suffering or loss of a normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.

If you find for Plaintiff, you may, but are not required to, assess punitive damages against any individual Defendant you find liable. The purposes of punitive damages are to punish a defendant for his or her conduct and to serve as an example or warning to the Defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against the particular Defendant whose conduct you are considering. You may assess punitive damages only if you find that his conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, Defendant simply did not care about Plaintiff's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of the Defendant's conduct;

- the impact of the Defendant's conduct on Plaintiff;

- the relationship between Plaintiff and the Defendant;

- the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made;

- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.



Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

28

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose or returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

**IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION**

| | | |
|---|---|---|
| JOEL JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-1108 |
| | ) | |
| BIRKEY, et al., | ) | Hon. Michael M. Mihm |
| | ) | |
| Defendants. | ) | |

## **VERDICT FORM**

We, the jury, find as follows on the claim of the plaintiff, Joel Jackson, against the defendants, Richard Birkey, Rich Mautino, and Curtis Wilkey:

| Name of defendant | For plaintiff | For defendant |
|---|---|---|
| Richard Birkey | _____ | _____ |
| Rich Mautino | _____ | _____ |
| Curtis Wilkey | _____ | _____ |

If you find for Plaintiff and against one or more Defendant, then please go to the next Section (damages).

If you find for all Defendants and against Plaintiff, then please skip the next Section (damages), and each juror must sign the Verdict Form.

## **Compensatory Damages**

We, the jury, award the plaintiff, Joel Jackson, compensatory damages in the amount of

$ _____.

**Punitive Damages**

We, the jury, award the plaintiff, Joel Jackson, punitive damages, if any, as follows, against:

Richard Birkey in the amount of $ _____ .

Rich Mautino in the amount of $ _____ .

Curtis Wilkey in the amount of $ _____ .


**Please sign and date the form below:**

_____          _____

Presiding juror

_____          _____


_____          _____


_____          _____


_____          _____


_____          _____