IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JOEL JACKSON,<br>    Plaintiff,<br><br>v.<br><br>RICHARD BIRKEY, *et al.*,<br>    Defendants. | Case No. 1:14-cv-01108-MMM |

### ORDER

Now before the Court are the Plaintiff, Joel Jackson's, Amended Petition for Attorney Fees and Costs (D. 156),[1] the Defendants', Richard Birkey, Richard Mautino, and Curtis Wilkey, Response (D. 173), and the Plaintiff's Reply (D. 176). The parties also filed an Agreed Response regarding the calculated rate of attorney fees. (D. 177). For the reasons set forth below, the Plaintiff's Amended Petition is GRANTED in part and DENIED in part.

### BACKGROUND

While incarcerated within the Illinois Department of Corrections ("IDOC") at the Illinois River Correctional Center, the Plaintiff was employed as an inmate worker in the Illinois River Correctional Center Bakery. On May 17, 2011, the Plaintiff severed four fingers on his right hand while cleaning a machine known as a bun hopper. He claimed the Defendants were deliberately indifferent, in violation of his constitutional rights under the Eighth Amendment, because they knew there was a significant risk of danger to inmates working on the bun hopper and they failed to train him properly. (D. 58). In October 2018, this Court presided over a jury trial in this matter. At the time, there was an additional Defendant still in the case, Tim Gleason. At the close of the

---

[1] Citations to the Docket in this case are abbreviated as "D. __."

1

Plaintiff's evidence, Gleason was dismissed from the case with prejudice by agreement of the parties. (See the Court's October 11, 2018 Minute Entry.) The jury returned a verdict in favor of the Plaintiff and against each of the remaining Defendants—Birkey, Mautino, and Wilkey. (D. 137). They awarded the Plaintiff $350,000.00 in compensatory damages and a total of $100,000.00 in punitive damages. *Id*.

After trial, the Plaintiff filed the instant Amended Petition for Attorneys Fees and Costs. (D. 156). He first argued he was entitled to a full reimbursement of legal fees in the amount of $253,373.50 and $54,966.22 in costs. *Id*. The Defendants asserted that these amounts were excessive for several reasons. (D. 173). Specifically, they argued the attorneys' fees should be reduced because: (1) the rates awarded must correspond with the rates in effect at the time services were rendered (*id*. at pp. 2-5); (2) attorney Katie Roche's billable hours are not compensable (*id*. at pp. 5-7); (3) attorney Vince Field's billable hours are too vague (*id*. at pp. 7-8); (4) the trial team was overstaffed (*id*. at pp. 8-9); (5) the Plaintiff did not submit evidence to support the fees for attorneys Jon Loevy, Arthur Loevy, and Mike Kanovitz (*id*. at pp. 9-10); (6) three paralegals performed work that is not traditionally done by attorneys (*id*. at pp. 10-11); and (7) 25% of the Plaintiff's judgment must be applied to Plaintiff's awarded fees.

The Plaintiff, in turn, identified areas where they agreed with the Defendants as it pertained to fees, submitted additional evidence regarding Roche's work, and identified evidence in the record supporting their request for fees for the services of Jon Loevy, Arthur Loevy, and Kanovitz. (D. 176). The Plaintiff does not oppose the Defendants' requests to apply the rates in effect at the time services were rendered, to reduce Field's fees by 15%, or that 25% of the judgment must be applied to any award he receives. *Id*. at pg. 2. At the direction of the Court, the parties filed an Agreed Response. (D. 177). Therein, the parties identified precisely which fees they agree about

and which fees are in dispute. *Id*. What remains in dispute as to fees is whether: (1) Roche's billable hours are recoverable; (2) the trial team was overstaffed—*i.e.* Pierce's billable hours are recoverable; (3) the Plaintiff submitted sufficient evidence to support a claim for reimbursement of the fees for Jon Loevy, Arthur Loevy, and Kanovitz; and (4) the fees for the work done by paralegals are recoverable.

The Defendants further object to the Plaintiff's requests for costs on multiple grounds. (D. 173 at pp. 12-13). Specifically, they claim: (1) meal costs for attorneys are not recoverable; (2) mailing expenses are not recoverable; (3) the requested costs for deposition transcripts are excessive; and (4) the Plaintiff's expert's fees are limited to $40 per day. The Plaintiff did not address the Defendants' arguments regarding costs in his Reply. (D. 176).

### STANDARD OF REVIEW

A prevailing party in a civil rights action may be awarded reasonable attorney fees, subject to the Court's discretion. 42 U.S.C. § 1988(b); *Baker v. Lindgren*, 856 F. 3d 498, 503 (7th Cir. 2017). "District courts have wide discretion in determining the appropriate amount of attorneys' fees and costs… [.]" *Spegon v. Catholic Bishop of Chicago*, 175 F. 3d 544, 550 (7th Cir. 1999). The party seeking reimbursement bears the burden of proving the reasonableness of their fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). With suits involving prisoners, "a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded." 42 U.S.C. § 1997e(d)(2); *Murphy v. Smith*, 138 S. Ct. 784, 787 (2018).

Generally, "costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). The presumption is in favor of the prevailing party recovering the cost; the losing party bears the burden of affirmatively demonstrating that a cost is inappropriate. *Beamon v. Marshall & Ilsley Tr. Co.*, 411 F. 3d 854, 864 (7th Cir. 2005). Courts are required to

determine: "(1) whether the cost imposed on the losing party is [statutorily] recoverable and (2) if so, whether the amount assessed for that item was reasonable[]" before awarding costs. *Hillmann v. City of Chicago*, 2017 WL 3521098, *2 (N.D. Ill.) (citing *Majeske v. City of Chicago*, 218 F. 3d 816, 824 (7th Cir. 2000)). "[D]istrict courts enjoy wide discretion in determining and awarding reasonable costs." *Id*. (citing *Northbrook Excess & Surplus Ins. Co. v. Procter &Gamble Co.*, 924 F. 2d 633, 642 (7th Cir. 1991)).

## ANALYSIS

### I.    ATTORNEY FEES

The Plaintiff initially argued he was entitled to $253,373.50 in fees. (D. 156 at pg. 17). The Defendants' first assert that these fees should be reduced to $166,915.74, applying the rates in effect at the time of service. (D. 173 at pp. 3-4). The Plaintiff does not dispute the rate adjustment. (D. 176 at pg. 2). In the wake of the parties' Agreed Response, it is undisputed that the Plaintiff is entitled to $175,973.65 in fees. (D. 177-1 at pg. 2). The Defendants do dispute, however, whether the Plaintiff is entitled to an additional $59,321.25 in fees. *Id*. at pg. 3. The disputed fees amount is comprised of: (1) attorney fees from Jon Loevy, Arthur Loevy, Kanovitz, Roche, and Pierce, totaling $34,571.25; and (2) paralegal fees from Samantha Asofsky, Melinda Elk, and Andrew Garden, totaling $24,750.00. *Id*.

The Plaintiff successfully obtained a jury verdict against each of the Defendants. The allegations center around a timeline of events that transpired in one location. The evidence the Plaintiff presented at trial entitled him to a verdict on his claims. Thus, as a general matter, he is entitled to the full amount of his attorney fees.

Of the remaining disputed fees, the Defendants first claim is that Roche's billable hours are not recoverable because the corresponding descriptions are vague, redundant, and constitute

4

block billing. (D. 173 at pp. 5-7). Roche billed 142.5 hours for a total of $27,573.75 in fees. (D. 178 at pg. 15). The Defendants stress the inadequacy of her billing descriptions and claim the Plaintiff is entitled to none of her fees, in part because other attorneys performed the same work. In his Reply, the Plaintiff argues Roche's fees should not be reduced to zero because she did not bill for any duplicative work. (D. 176 at pp. 2-3). He also acknowledges, however, that Roche's timesheets contain some entries with block billing. As a result, he argues that her fees should be reduced by—at most—no more than 15%. *Id.* at pg. 3.

The Defendant concedes that block billing is not impermissible, *per se*. (D. 173 at pg. 6). Roche attests to the accuracy of her billing records in this matter under penalty of perjury. (D. 156-10). Plaintiff's counsel further represents that none of the work Roche billed to the Plaintiff was duplicative. (D. 176 at pp. 2-3). Accordingly, the Court does not find any of the specific billing entry unjustified. The acknowledged block billing on her timesheet, however, makes it impossible for the Court to differentiate which fees are compensable from those which are not. As a result, the Court reduces Roche's fees by 15%. This brings her total fees from $27,573.75 to $23,437.69.

Next, the Defendants argue the trial team was overstaffed. (D. 173 at pp. 8-9). More specifically, they dispute that the Plaintiff is entitled to reimbursement for Pierce's billable hours and costs. In the Defendants' view, Pierce's presence at trial was excessive and unnecessary in a straight forward, uncomplicated case attended by three other experienced trial attorneys. The Plaintiff did not address this point in his Reply. The Defendants' argument is persuasive. Pierce billed 28.5 hours for a total of $5,985.00 in fees. (D. 178 at pg. 20). Given the circumstances of the case, her assistance—while undoubtedly valuable—was a luxury for the trial team. Accordingly, the Plaintiff is not entitled to $5,985.00 in fees for Pierce's billing. The Court further

reduces the Plaintiff's cost award for the amount of Pierce's attendance at trial, $934.68. (D. 156-20 at pg. 3).

The Defendants also claim that the Plaintiff did not submit sufficient evidence to support reimbursement of attorney fees for Jon Loevy, Arthur Loevy, and Kanovitz. (D. 173 at pp. 9-10). They assert that the billing entries are poorly supported. Combined, these attorneys billed 6 hours for a total of $1,269.00 in fees (D. 156-9 at pg. 4); (D. 156-8 at pg. 13); (D. 156-10 at pg. 5). The rate they are seeking is far below their standard charge. *Id*. The Defendants requested that the Plaintiff "either re-submit the billable hours for these three attorneys, identify when those tasks occurred… or not receive compensation for the $1,269 in fees." (D. 173 at pg. 9-10). The Plaintiff objects to this request, claiming that the attorneys' declarations have enough specificity to support their requested reimbursements and that in some instances the specifics are also properly memorialized in other attorneys' billable hour descriptions. See (D. 174 at pp. 6-7;9). The Court finds the Plaintiff's request for $1,269.00 reasonable and sufficiently documented under the circumstances. Thus, he is entitled to $1,269.00 in attorneys' fees billed by Jon Loevy, Arthur Loevy, and Kanovitz.

Lastly, the Defendants assert that the work done by the paralegals is not recoverable. (D. 173 at pp. 10-11). Collectively, this group of three billed 198 hours for a total of $24,750.00 in fees. (D. 156-2 at pg. 2). The Defendants claim the paralegals performed—"clerical tasks, such as printing, arranging lodging for attorneys, and scheduling calls with inmates"—which are not normally billed to a client because it is not work traditionally done by an attorney. (D. 173 at pg. 10). They argue that the Plaintiff is not entitled to most of the fees billed by Elk or any of the work billed by Asofsky and Garden. *Id*. at pp. 10-11.

The Defendants' argument here relies, in part, on *Spegon v. Catholic Bishop of Chicago*, 175 F. 3d 544, 553 (7th Cir. 1999). Indeed, "[h]ours that an attorney would not properly bill to his client in the private sector cannot be properly billed to the adverse party under a fee-shifting statute." *Moore v. Madigan*, 2014 WL 6660387, *7 (C.D. Ill. Nov. 24, 2014) (citing *Spegon*, 175 F. 3d at 552 and *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). For the Court to award paralegal fees, the work must have been "sufficiently complex to justify the efforts of a paralegal, as opposed to an employee at the next rung lower on the pay-scale ladder." *Spegon*, 175 F. 3d at 553 (citing *People Who Care v. Rockford Bd. of Educ., School Dist. No. 205*, 90 F. 3d 1307, 1315 (7th Cir. 1996)). A "district court should disallow [fee recovery for] time spent on what are essentially 'clerical' or secretarial tasks." *Id*. "When reducing the number of hours requested, the district court should provide a concise but clear explanation of his reasons." *Id*. at 551 (citing *Tomazzoli v. Sheedy,* 804 F.2d 93, 97 (7th Cir.1986) (quotation marks omitted)).

The paralegals' work is documented in timesheets with corresponding billing descriptions. (D. 178 at pp. 21-26). Elk billed 13.25 hours at a rate of $125.00 per hour for a total of $1,656.25. *Id*. at pg. 22. The Court notes that in deciding to reduce any claimed fees as excessive, the goal is to "do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Removing all billable time that is clerical and secretarial in nature from Elk's timesheet, the Plaintiff is entitled to reimbursement of the fees she billed for coordinating service of the Defendants and drafting pleadings. These tasks are sufficiently complex and justify the efforts of a paralegal. The Plaintiff is therefore entitled to 6 hours of billable time at Elk's rate of $125.00 per hour for a total of $750.00.

Likewise, the Plaintiff is entitled to the fees that Asofsky and Garden billed for time spent completing tasks that are sufficiently complex and justify the use of a paralegal. Asofsky billed

179.75 hours at a rate of $125.00 per hour for a total of $22,468.75. (D. 178 at pp. 23-25). Garden billed 5 hours at a rate of $125.00 per hour for a total of $625.00. *Id*. at pg. 26. Reviewing their billing entries, the Plaintiff is limited to the recovery of the fees these paralegals billed for: preparing legal correspondence, pleadings, and trial exhibits; researching the Plaintiff and potential witnesses; drafting certain communication with the Plaintiff and other potential witnesses; conducting legal research; docket monitoring; attendance at meetings regarding trial strategy and the trial itself; preparing and producing legal materials for opposing counsel; and assisting in preparation of witnesses for trial. The Plaintiff is therefore entitled to 74.25 hours of billable time at a rate of $125.00 per hour for a total of $9,281.25 for Asofky's and Garden's billing. The Plaintiff is entitled to a grand total of $10,031.25 in paralegal fees.

Accordingly, the Plaintiff's Amended Petition for Attorneys Fees and Costs (D. 156), as it relates to his request for Attorney Fees, is GRANTED in part and DENIED in part. The Plaintiff is entitled to: (1) $175,973.65 in undisputed fees; (2) $23,437.69 for Roche's fees; (3) $1,269.00 in attorney fees billed by Jon Loevy, Arthur Loevy, and Kanovitz; and (4) $10,031.25 in paralegal fees. All told, the Plaintiff is entitled to $210,711.59 in fees. The jury, however, awarded the Plaintiff $450,000.00. (D. 137). "[A] portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded." 42 U.S.C. § 1997e(d)(2); *Murphy v. Smith*, 138 S. Ct. 784, 787 (2018). As a result, $112,500.00 can be subtracted from the total amount of his entitled fees. The Plaintiff is hereby AWARDED $98,211.59 in fees.

## II. Costs

The Plaintiff also seeks reimbursement for $54,966.22 in costs. (D. 156 at pp. 17-18). The Defendants object to multiple items, arguing they are not compensable or are excessive. (D. 173 at pp. 12-14). Again, the presumption is in favor of the prevailing party recovering the cost; the

losing party bears the burden of affirmatively demonstrating that a cost is inappropriate. *Beamon v. Marshall & Ilsley Tr. Co.*, 411 F. 3d 854, 864 (7th Cir. 2005). Courts are required to determine: "(1) whether the cost imposed on the losing party is [statutorily] recoverable and (2) if so, whether the amount assessed for that item was reasonable[]" before awarding costs. *Hillmann v. City of Chicago*, 2017 WL 3521098, *2 (N.D. Ill.) (citing *Majeske v. City of Chicago*, 218 F. 3d 816, 824 (7th Cir. 2000)). "[D]istrict courts enjoy wide discretion in determining and awarding reasonable costs." *Id.* (citing *Northbrook Excess & Surplus Ins. Co. v. Procter &Gamble Co.*, 924 F. 2d 633, 642 (7th Cir. 1991)).

First, the Defendants cite to *First Midwest Bank v. City of Chicago*, 337 F. Supp. 3d 749, 785 (N.D. Ill. 2018), to argue that the Plaintiff is not entitled to a $323.38 reimbursement for money spent on meals for the trial team during trial. (D. 173 at pg. 12). In *First Midwest*, a Northern District of Illinois court found that attorneys' meals are not compensable, citing *Fields v. City of Chicago*, 2018 WL 253716, at *11 (N.D. Ill.) ("…presumably those involved would have had to eat even had they not been involved in this case."). This Court agrees with the logic espoused in *Fields* on this point. The cost of food is not reimbursable as it was not necessary to the successful litigation of the case. Therefore, the Plaintiff's cost request is reduced by $323.38.

The Defendants also argue that out of pocket expenses for mailing are not compensable and the Plaintiff's cost award should accordingly be reduced by $43.51. (D. 173 at pg. 12). They highlight that 28 U.S.C. § 1920 does not list mailing costs in its specified taxable costs. Indeed, they are not listed in the statute. See 28 U.S.C. § 1920. Thus, the Plaintiff's cost request will be reduced by $43.51.

Next, the Defendants claim the Plaintiff's costs for deposition transcripts are excessive. (D. 173 at pp. 12-13). Pointing to 28 U.S.C. § 753, they argue the costs should be reduced to the

maximum allowable recovery for original transcripts ($3.65 per page) and copies of transcripts ($.90 per page). Under the statute, fees "for printed or electronically recorded transcripts necessarily obtained for use in the case" are taxable. 28 U.S.C. § 753(f). It does not directly set a rate limit on the price per page charged but refers to the fact that the rates must be prescribed by the Court, subject to the approval of the Judicial Conference. *Id*.

The Defendants seek reductions in rates for deposition transcript charges by private parties. (D. 156-21 at pp. 26-27; 38-39; 72). The Seventh Circuit has held that the Judicial Conference's rate applies to deposition costs. *Cengr v. Fusibond Piping Sys., Inc.*, 135 F. 3d 445, 453-54 (7th Cir. 1998) (finding "deposition costs (including transcripts) are authorized under § 1920(2) as stenographic transcripts."). The relevant current rates prescribed by the Judicial Conference and adopted by the Central District of Illinois District Court are a maximum allowable recovery of $3.65 per page for original transcripts ordered within 30 days and $.90 per page for the first copies of transcripts requested.[2] The deposition costs are taxable, pursuant to 28 U.S.C. § 1920(2), and the Court finds the disputed charges are, generally, reasonable. The Defendants, however, cannot be required to pay for rates per page beyond those limits adopted by the Central District of Illinois District Court.

The Defendants challenge five specific transcript costs. (D. 173 at pp. 12-13). The first disputed per page rate is for the Plaintiff's deposition. Plaintiff's counsel was charged $1.75 per page for a copy of a 105-page deposition transcript. (D. 156-21 at pg. 26). At a rate of $.90 per page, the cost would be reduced from $183.75 to $94.50. Thus, the Plaintiff's overall reimbursable costs are reduced by $89.25.

---

[2] See Central District of Illinois General Order No. 18-02. Available at
https://www.ilcd.uscourts.gov/sites/ilcd/files/general-ordes/General%20Order%2018-02.pdf (last visited May 29, 2019).

Next, the Defendants challenge the cost of $3.06 per page for the original deposition transcripts of two individuals. *Id.* at pg. 27. They merely assert that because portions of the invoice are illegible, it "appears to exceed the limit of $3.65 per page for an original transcript[.]" (D. 173 at pg. 12). The actual cost is legible on the invoice—$3.06 per page. (D. 156-21 at pp. 27). Thus, it does not exceed the maximum price per page and the Plaintiff is entitled to recover the cost.

The Defendants' final deposition transcript claim is that the Plaintiff unnecessarily ordered next day delivery for three of them. (D. 173 at pg. 13) (referring to invoices (D. 156-21 at pp. 38-39; 72)). Absent an affirmative showing by the Plaintiff that it was excusable to order the transcripts in this manner, he is not entitled to recover any charges incurred for expedited service. Thus, the Plaintiff's total cost will be reduced by $266.22, $276.66, and $249.26, respectively, for a total reduction of $792.14 in expedited processing charges. All told, the Plaintiff's total cost recovery will be reduced by $881.39 for deposition transcript costs.

The Defendants' last argument is that expert witness fees are limited to $40.00 per day, pursuant to 28 U.S.C. § 1821(b). (D. 173 at pg. 13). This statute mandates a subsistence amount, generally, for witnesses. The Plaintiff is seeking $36,131.62 in expert costs. (D. 156 at pg. 17). He asserts that the costs were necessary to prove the case, are reasonable, and thus recoverable under 42 U.S.C. § 1988. The Supreme Court has stated unequivocally, however, "that § 1988 conveys no authority to shift expert fees." *West Virginia Univ. Hosp., Inc. v. Casey*, 499 U.S. 83, 102 (1991). To date, the statute still does not permit courts to award expert fees to prevailing parties in cases brought pursuant to 42 U.S.C. § 1983. 42 U.S.C. § 1988. Under 28 U.S.C. § 1821(b), the Plaintiff's only recoverable requested costs for this expert (D. 156-20 at pp. 2-3) are

11

$40.00 for the expert's attendance at trial and $1,006.60 for his actual travel expenses. This results in a cost reduction of $35,085.02.[3]

As previously noted, the Plaintiff's total costs will be also be reduced by $934.68 for the requested reimbursement of Pierce's expenses for attendance at trial.

Accordingly, the Plaintiff's Amended Petition for Attorneys Fees and Costs (D. 156), as it relates to his request for Costs, is GRANTED in part and DENIED in part. The Plaintiff's requested cost amount of $54,966.22 is reduced by: (1) $323.38 for the cost of meals at trial; (2) $43.51 for the cost of mailing; (3) $881.39 for select deposition transcript costs; (4) $35,085.02 for expert costs; and (5) $934.68 for Pierce's requested trial expenses. The Plaintiff is hereby AWARDED $17,698.24 in costs.

## CONCLUSION

For the foregoing reasons, the Plaintiff's Amended Petition for Attorney Fees and Costs (D. 156) is GRANTED in part and DENIED in part. The Plaintiff is entitled to $98,211.59 in fees and $17,698.24 in costs.

*It is so ordered.*

Entered on May 30, 2019

  s/ Michael M. Mihm
Michael M. Mihm
Senior United States District Judge

---

[3] The Plaintiff requests $36,131.62 in costs for this expert within the body of the Amended Petition. (D. 156 at pg. 17). On the list of itemized expenses, the costs that can be identified with this expert add up to $37,250.09. (D. 156-20 at pp. 2-3). The Court utilizes the latter figure explicitly put forth by the Plaintiff.